NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KUI MA,

               Petitioner,

  v.

MATTHEW G. WHITAKER, Acting
Attorney General,

               Respondent.

Nos.  14-71056
        15-71013

Agency No. A095-021-322

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2018[**]

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Kui Ma, a native citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT") (petition No. 14-71056), and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the BIA's order denying his motion to reopen (petition No. 15-71013). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review for abuse of discretion the denial of a motion to reopen and we review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petitions for review.

As to petition No. 14-71056, substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Ma's testimony, asylum application, and record evidence as to where he lived and worked in China and the United States, inconsistent testimony as to how many passports Ma has had, and Ma's failure to provide reasonably available corroborating evidence. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *see also Huang v. Holder*, 744 F.3d 1149, 1155 (9th Cir. 2014) (citing the lack of corroborating evidence as a basis for the adverse credibility determination). Ma's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Ma's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153,

1156 (9th Cir. 2003).

Ma's CAT claim also fails because it rests on the same testimony that the agency found not credible, and Ma points to no other evidence showing that it is more likely than not he will be tortured if returned to China. *See id*. at 1156-57.

As to petition No. 15-71013, the BIA did not abuse its discretion in denying Ma's motion to reopen as untimely where he failed to demonstrate that an exception to the time limitation applied. *See* 8 C.F.R. § 1003.2(c)(3); *see also Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (discussing the time limitation for a motion to reopen and possible exceptions). We reject Ma's contention that the BIA applied the incorrect standard in its analysis. Finally, we lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.")

We reject Ma's contention that the BIA violated his due process rights. *See Lata*, 204 F.3d at 1246 (requiring error to prevail on a due process claim).

**No. 14-71056: PETITION FOR REVIEW DENIED.**

**No. 15-71013: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**